UNITED STATES DISTRICT COURT
WESTERM DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI JUSTICE,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

Case No.: 1:25-cv-00935

Hon. Jane M. Beckering

---

Trevor J. Zamborsky (P77244)
THE MARK SISSON LAW FIRM, PLLC
Attorneys for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
(248) 829-3088/(734) 655-9045 (fax)
tzamborsky@marksissonlaw.com
cfaulk@marksissonlaw.com

Andrea E. Forsyth (P77297)
SLATER SEIBERT, PLLC
Attorney for Defendant
1500 W. Big Beaver Rd., Suite 250
Troy, Michigan 48084
(248) 509-5205
aforsyth@slaterseibert.com
swatson@slaterseibert.com (asst.)

---

## DEFENDANT WALMART'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, WAL-MART STORES EAST, LP, et al., by and through its

attorneys, SLATER SEIBERT, and for its Answer to Plaintiff's Complaint, state as follows:

1.      Plaintiff, JODI JUSTICE ("Justice") isa  resident of the City of Battle Creek,

Calhoun County, Michigan.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations of paragraph 1.**

2.      Defendants WAL-MART STORES EAST, LP, is a business operating in the City of Battle Creek, Calhoun County, Michigan.

**ANSWER:      Defendant admits the allegations in paragraph 2.**

3.      The amount of the controversy exceeds Twenty-Five Thousand and 00/100 ($25,000.00) Dollars.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.**

## GENERAL ALLEGATIONS

4.      On or about December 23, 2024, Plaintiff Justice was a guest of WAL-MART STORES EAST, LP located at 6020 B Drive N., Battle Creek, MI 49014.

**ANSWER:      Defendant admits only that Plaintiff was purportedly shopping in its Battle Creek store on or around December 23, 2024.**

5.      The property located at 6020 B Drive N., Battle Creek, MI 49014 was/is being operated by Defendant WAL-MART STORES EAST, LP.

**ANSWER:      Defendant admits the allegations of paragraph 5.**

6.      Ms. Justice was walking inside the building at WAL-MART STORES EAST, LP where she encountered a slippery substance on which she slipped and fell.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.**

7.      Ms. Justice's body was thrown to the ground resulting in injury.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.**

8.      Ms. Justice suffered severe injuries including but not limited to her left ankle, left knee, back and right shoulder.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.**

## COUNT I

## NEGLIGENCE/PREMISES LIABILITY

9.      Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER:     Defendant reincorporates by reference its responses to Plaintiff's allegations set forth in paragraphs 1-8 as though fully restated herein.**

10.      On or about December 23, 2024, Justice was a business invitee of WAL-MART STORES EAST, LP.

**ANSWER:     Defendant admits only that Plaintiff was purportedly shopping in its Battle Creek store on or around December 23, 2024.**

11.      WAL-MART STORES EAST, LP owed duties to Justice, as a business invitee to:

   a. Warn of the dangers which it knew or should have known existed on the premises;
   b. To inspect the premises to discover possible dangerous conditions of which it did not have knowledge;
   c. To take reasonable precautions to protect invitees from dangers that were foreseeable;
   d. To take reasonable measures to remove the dangerous condition within a reasonable period of time;
   e. To exercise reasonable care in the removal of hazardous conditions;
   f. To adequately supervise and train its employees, servants and agents so that they exercise reasonable care in maintaining the premises for invitees;

       g. To provide adequate staff to maintain the premises in a reasonably safe condition.

**ANSWER:**    **This allegation states a legal conclusion that requires neither an admission nor denial under the Court rule.**

12.    WAL-MART STORES EAST, LP breached its duties to Justice, through its acts and omissions, including, but not limited to:

      a. failure to warn invitees, including Plaintiff, of the dangerous condition which it knew or should have known existed;

      b. creating a hazardous condition by not removing the slippery substance in such a place or manner that it created a trip hazard for invitees, including Plaintiff;

      c. failure to inspect the premises for dangerous conditions, which knew or should known existed and would be a hazard to invitees;

      d. failure to take reasonable measures to remove the hazard, or other dangerous conditions, after it knew or should have known about their existence;

      e. failure to exercise reasonable care in the removal of the hazardous condition which was a foreseeable danger to invitees;

      f. failure to remove the hazard, or other dangerous conditions, when it had actual or constructive notice of the dangerous condition;

      g. failure to supervise and train its employees, agents and servants in the maintenance of the premises;

      h. failure to provide sufficient staff to adequately perform removal of dangerous conditions on its land.

**ANSWER:**    **Defendant denies the allegations of paragraph 12.**

13.    As a direct and proximate result of WALMART STORES EAST, LP'S negligence, plaintiff suffered injuries, including but not limited to: her left ankle, left knee, back, and right shoulder.

**ANSWER:**    **Defendant denies the allegations of paragraph 13.**

## COUNT II

## ORDINARY/ACTIVE NEGLIGENCE BY DEFENDANT

14.     Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER:     Defendant reincorporates by reference its responses to Plaintiff's allegations set forth in paragraphs 1-13 as though fully restated herein.**

15.     Defendant owed duties to plaintiff to use ordinary care and caution in the treatment of the slippery substance so as not to create a dangerous trip hazard and/or to warn Plaintiff regarding the dangerous trip hazard that Defendant created.

**ANSWER:     This allegation states a legal conclusion that requires neither an admission nor denial under the Court rule.**

16.     Defendant breached its duties to Plaintiff by not removing the slippery substance in such a place and manner that it was likely to cause plaintiff and other invitees to trip and fall.

**ANSWER:     Defendant denies the allegations of paragraph 16.**

17.     Defendant further breached its duties Plaintiff by placing the slippery substance in such a place and manner that it was not likely to be seen by the Plaintiff or other invitees who were traversing premises.

**ANSWER:     Defendant denies the allegations of paragraph 17.**

18.     Defendants further breached their duties to Plaintiff by failing to warn Plaintiff about the dangerous trip hazard that had been created.

**ANSWER:     Defendant denies the allegations of paragraph 18.**

19.     As a direct and proximate result of Defendants ordinary/active negligence,

Plaintiff suffered damages as fully set forth in the paragraphs of this Complaint.

**ANSWER:**     **Defendant denies the allegations of paragraph 19.**

Respectfully submitted,

SLATER SEIBERT

By:   */s/ Andrea E. Forsyth*
Andrea E. Forsyth (P77297)
Attorneys for Defendant
1500 W. Big Beaver Rd, Suite 250
Troy, MI 48084
Dated:   August 20, 2025             (248) 509-5205

\*\*\*

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, WAL-MART STORES EAST, LP, a foreign limited

partnership (hereinafter, "Defendant" or "Walmart"), by and through its attorneys,

SLATER SEIBERT, and hereby asserts the following Affirmative Defenses in the above-

entitled cause of action:

1.     Plaintiff has failed to state a valid claim in whole or in part upon which relief

can be granted and therefore, Defendant is entitled to summary disposition as a matter of

law.

2.     There is no genuine issue as to any material fact; therefore, Defendant is

entitled to summary disposition as a matter of law.

3.      The premises in question were maintained in a reasonably safe condition at all times relevant to this action.

4.      Defendant did not know or have reason to know of the alleged dangerous or defective condition referenced in Plaintiff's Complaint.

5.      Plaintiff's claim is barred by the open and obvious doctrine.

6.      Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

7.      The sole and proximate cause of any and all injuries suffered by Plaintiff is the result of Plaintiff's own contributory and/or comparative negligence.

8.      The sole and proximate cause of any and all injuries suffered by Plaintiff, is the result of Plaintiff's own conduct.

9.      Plaintiff has failed to mitigate her damages.

10.     Plaintiff's claims may be barred by the doctrine of laches in that some evidence may no longer be available or may be in an altered state, prejudicing and/or preventing Defendant from preparing its defense.

11.     To the extent Plaintiff seeks recovery from Defendant premised upon damages for medical care, rehabilitation service or any other economic loss, all or part of which have been paid or are to be paid by a collateral source, Defendant is entitled to have a reduction of that portion of any judgment pursuant to MCL 600.6303.

12.     Defendant complied with all duties applicable under Michigan law, and therefore, denies that it has breached any duties owed to Plaintiff resulting in Plaintiff's alleged injuries.

13.     Defendant exercised reasonable care to ensure that its premises was reasonably safe.

14.     Defendant reserves the right to amend its affirmative defenses as same become known through discovery.

Respectfully submitted,

SLATER SEIBERT

By:    */s/ Andrea E. Forsyth*
Andrea E. Forsyth (P77297)
Attorneys for Defendant
1500 W. Big Beaver Rd, Suite 250
Troy, MI 48084

Dated:   August 20, 2025                      (248) 509-5205

***

## DEFENDANT'S RELIANCE UPON JURY DEMAND

NOW COMES the Defendant, WAL-MART STORES EAST, LP, et al., by and through its attorneys, SLATER SEIBERT, and hereby rely upon the Jury Demand previously filed herein.

Respectfully submitted,

SLATER SEIBERT

By:    */s/ Andrea E. Forsyth*
Andrea E. Forsyth (P77297)
Attorneys for Defendant
1500 W. Big Beaver Rd, Suite 250
Troy, MI 48084

Dated: August 20, 2025                      (248) 509-5205